IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELVIN RODRIGUEZ, *individually and on behalf of those similarly situated,*<br>713 New Street<br>Camden, NJ 08103<br><br>     Plaintiff,<br><br>  v.<br><br>SUBARU OF AMERICA<br>60 Newton Avenue<br>Camden, NJ 08103<br><br>     Defendant. | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME WAGES UNDER FAIR LABOR STANDARDS ACT<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME WAGES UNDER NEW JERSEY WAGE AND HOUR LAW<br><br>No:<br><br>**JURY TRIAL DEMANDED** |

## INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT

Named Plaintiff Melvin Rodriguez (hereinafter "Named Plaintiff"), individually and on behalf of those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant Subaru of America (hereinafter referred to as "Defendant").

## INTRODUCTION

1. Named Plaintiff has initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL"). Named Plaintiff asserts that Defendant failed to pay Named Plaintiff and those similarly situated overtime compensation in violation of the FLSA and the NJWHL.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court, in accordance with 28 U.S.C. § 1331, has original subject matter jurisdiction over Named Plaintiff's federal claims because this civil action arises under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction

over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

4. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

5. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendant is deemed to reside where they are subject to personal jurisdiction, rendering Defendant residents of this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff is an adult individual with an address as set forth is the caption.

8. Defendant is a corporation operating at the address set forth in the caption.

9. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendant in the United States as "Customer Retailer Services Representatives" and/or in other similar non-exempt positions, who are or were subject to Defendant's pay practices and policies described herein at any point from the three years prior

to the date that the instant action was initiated through the present (the members of this putative class are referred to as "Collective Plaintiffs").

11. There are numerous similarly situated current and former employees of Defendant who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

12. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

13. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

14. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

15. Named Plaintiff brings his claims asserting violations of the New Jersey Wage and Hour Law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons presently and formerly employed by Defendant in New Jersey as "Customer Retailer Services Representatives" and/or in other similar non-exempt positions, who are or were subject to Defendant's pay practices and policies described herein at any point from the two years prior to the date that the instant action was initiated through the present (the members of this putative class are referred to as "Class Plaintiffs").

16. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive

control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than forty (40) employees.

17. Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all Class Plaintiffs, was subject to the same unlawful wage policies and practices of Defendant.

18. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

19. Defendant has acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendant have applied consistent unlawful wage policies to the entire class and have refused to end these policies.

20. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative

class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant.

22. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether Defendant failed to properly classify Named Plaintiff and Class Plaintiffs as "non-exempt" under the NJWHL.

## FACTUAL BACKGROUND

23. The foregoing paragraphs are incorporated herein as if set forth in full.

24. From on or around January 15, 2018 to on or around October 11, 2018, Defendant employed Named Plaintiff as a Customer Retailer Services Representative I.

25. Named Plaintiff earned a salary of $865.385 per week.

### Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs Were/Are Non-Exempt

26. The foregoing paragraphs are incorporated herein as if set forth in full.

27. At no time during Named Plaintiff's employment did Named Plaintiff supervise other employees of Defendant.

28. At no time during Named Plaintiff's employment did Named Plaintiff have the authority to hire or fire other employees of Defendant.

29. At no time during Named Plaintiff's employment did Named Plaintiff have the authority to schedule employees of Defendant.

30. At no time during Named Plaintiff's employment did Named Plaintiff exercise discretion or independent judgement over matters of significance on behalf of Defendant or Defendant's customers.

31. Accordingly, at all times relevant herein, Named Plaintiff was a non-exempt employee entitled to overtime compensation pursuant to the FLSA and the NJWHL.

32. Collective Plaintiffs and Class Plaintiffs did/do not supervise other employees of Defendant.

33. Collective Plaintiffs and Class Plaintiffs did/do not have the authority to hire or fire other employees of Defendant.

34. Collective Plaintiffs and Class Plaintiffs did/do not have the authority to schedule employees of Defendant.

35. Collective Plaintiffs and Class Plaintiffs did/do not exercise discretion or independent judgement over matters of significance on behalf of Defendant or Defendant's customers.

36. Accordingly, at all time relevant herein, Collective Plaintiffs and Class Plaintiffs were/are non-exempt employees entitled to overtime compensation pursuant to the FLSA and NJWHL, respectively.

**Unlawful Overtime Rates**

37. The foregoing paragraphs are incorporated herein as if set forth in full.

38. Named Plaintiff regularly worked more than 40 hours per workweek.

39. However, Defendant did not pay Named Plaintiff any additional compensation for working more than 40 hours in a workweek.

40. Accordingly, Defendant failed to pay Named Plaintiff at least one and one-half times his regular rate for hours worked more than 40 hours in a workweek.

41. Collective Plaintiffs and Class Plaintiffs regularly worked/work more than 40 hours in a workweek.

42. However, Defendant did not pay Collective Plaintiffs and Class Plaintiffs any additional compensation for working more than 40 hours in a workweek.

43. Accordingly, Defendant failed/fails to pay Collective Plaintiffs and Class Plaintiffs at least one and one-half times their regular rates for hours worked more than 40 hours in a workweek.

44. As a result of Defendant's aforesaid illegal actions, Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs have suffered damages.

**COUNT I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Wages)**
**(Named Plaintiff and Collective Plaintiffs v. Defendant)**

45. The foregoing paragraphs are incorporated herein as if set forth in full.

46. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the FLSA.

47. At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

48. At all times relevant herein, Named Plaintiff and Collective Plaintiffs were/are employed with Defendant as "employees" within the meaning of the FLSA.

49. Under the FLSA, an employer must pay an employee at least one and one-half times his or her regular rate of pay for each hour worked more than 40 hours per workweek.

50. Defendant's violations of the FLSA include, but are not limited to, not paying Named Plaintiff and Collective Plaintiffs at least one and one-half times their regular rates for all hours worked more than 40 per workweek as explained *supra*.

51. Defendant's conduct in failing to properly pay Named Plaintiff and Collective Plaintiffs was/is willful and was/is not based upon any reasonable interpretation of the law.

52. Defendant's conduct caused Named Plaintiff and Collective Plaintiffs to suffer damages.

## COUNT II
### Violations of the New Jersey Wage and Hour Law ("NJWHL")
**(Failure to pay Overtime Wages)**
**(Named Plaintiff and Class Plaintiffs v. Defendant)**

53. The foregoing paragraphs are incorporated herein as if set forth in full.

54. At all times relevant herein, Defendant has and continues to be an "employer" within the meaning of the NJWHL.

55. At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and Class Plaintiffs.

56. At all times relevant herein, Named Plaintiff and Class Plaintiffs were/are employed with Defendant as "employees" within the meaning of the NJWHL.

57. Under the NJWHL, an employer must pay an employee at least one and one-half times his or her regular rate of pay for each hour worked more than 40 hours per workweek.

58. Defendant's violations of the NJWHL include, but are not limited to, not paying Named Plaintiff and Class Plaintiffs at least one and one-half times their regular rates for all hours worked more than 40 per workweek as explained *supra*.

59. Defendant's conduct caused Named Plaintiff and Class Plaintiffs to suffer damages.

**WHEREFORE**, Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs pray that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain its illegal policy, practice or custom in violation of federal and state law;

B.       Defendants are to compensate, reimburse, and make Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs whole for all pay and benefits they would have received had it not been for Defendants' illegal actions;

C.       Named Plaintiff and Collective Plaintiffs are to be awarded liquidated damages for Defendants' illegal actions, as provided under applicable law;

D.       Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law;

E.       Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs are to be awarded all other equitable and legal relief as the Court deems appropriate;

F.       Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs claims are to receive a trial by jury.

Respectfully Submitted,

*/s/ Matthew Miller*
Matthew D. Miller, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1101 N. Kings Highway Ste 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Dated: June 26, 2019